[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11811
Non-Argument Calendar

_____

Agency No. A098-858-963

ADRIANA OSORIO SERPA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 13, 2009)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Adriana Osorio Serpa, a native and citizen of Colombia, seeks review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) order denying her application for asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231(b)(3). Osorio Serpa asserts two issues on appeal, which we address in turn. After review, we deny her petition.[1]

## I.

Osorio Serpa contends the IJ erred in determining her asylum application was time-barred. Although she admitted she filed her asylum application over one year after entering into the United States, Osorio Serpa contends for the first time on appeal she qualified for the "exceptional circumstances" exception to the time limitation.

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). An alien must raise a claim before the BIA in order to exhaust her

---

[1] Where, as here, the BIA issues its own decision, we review the BIA's decision only. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's factual determinations under the substantial evidence test and will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007). Under the substantial evidence test, we can reverse a finding of fact by the BIA "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). The BIA's legal determinations are reviewed *de novo. Mejia*, 498 F.3d at 1256.

administrative remedies. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

The IJ determined Osorio Serpa's application for asylum was untimely because she filed it more than one year after she entered the United States. Osorio Serpa failed to appeal this ruling to the BIA; therefore, we lack jurisdiction and dismiss this claim.

## II.

Osorio Serpa further contends she established past persecution or a fear of future persecution sufficient to qualify for withholding of removal. In a withholding of removal claim, an alien shall not be removed to a country if her life or freedom would be threatened on account of political opinion. 8 U.S.C. § 1231(b)(3)(A). The alien must show it is "more likely than not she will be persecuted or tortured upon being returned to her country." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (quotations omitted). This standard is more stringent than the standard for asylum. *Id.* While the INA does not define persecution, we have held that persecution is an "extreme" concept, that mere harassment is not persecution, and that persecution requires "more than a few isolated incidents of verbal harassment or intimidation." *Id.* at 1231.

An alien may make this showing in one of two ways. First, an alien may establish past persecution based on a protected ground, in which case a rebuttable

3

presumption is created that her life or freedom would be threatened if she returned to her country. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). Second, an alien may qualify for withholding of removal if she "can demonstrate a future threat to h[er] life or freedom" based on a protected ground. *Id.*

Substantial evidence supports the BIA's decision affirming the denial of Osorio Serpa's application for withholding of removal. First, the BIA did not err in concluding the July 2000 incidents described by Osorio Serpa did not constitute past persecution. The 2006 Country Report indicates illegal roadblocks are a common place for kidnappings, but there is no evidence Osorio Serpa was shot at during the police blockade, or the motivations behind stopping her. *Cf. Sanchez-Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1233-34 (11th Cir. 2007) (stating alien asserted he was repeatedly threatened based on his political activities by FARC guerillas who shot at his moving vehicle and later took responsibility for the shooting). In addition, Osorio Serpa did not know the identities of the vandals, or their motivations. While it is possible Osorio Serpa was being specifically targeted, it is also possible she was the victim of random criminal activity; therefore, the record does not compel reversal of the BIA's finding. *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) ("even if the evidence could support multiple conclusions, we must affirm the agency's decision.").

4

Because Osorio Serpa did not establish past persecution, she is not entitled to a presumption of future persecution. As such, she must demonstrate a future threat to her life based on political opinion. *See Mendoza*, 327 F.3d at 1287. This she failed to do. Osorio Serpa again relies on the two July 2000 incidents as proof she would suffer future persecution on account of her last name and familial connection to Horatio Serpa. Again, this evidence does not compel such a conclusion. Also, Osorio Serpa did not identify the reasons why her neighbor was murdered, whether it was due to political motivations, random criminal activity, or mistaken identity with a Serpa. As the BIA found, Osorio Serpa's evidence amounts to speculation, and the record does not compel a reversal of that finding. Accordingly, we deny the petition as to withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART.**